## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONNA MARKOCKI,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **No. 06-2422** |
| | : | |
| **OLD REPUBLIC NATIONAL TITLE** | : | |
| **INSURANCE COMPANY,** | : | |
| **Defendant.** | : | |
| | : | |
| **OLD REPUBLIC NATIONAL TITLE** | : | |
| **INSURANCE COMPANY,** | : | |
| **Third-Party Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CITIZENS' ABSTRACT INC.,** | : | |
| **Third-Party Defendant** | : | |

## MEMORANDUM AND ORDER

**Tucker, J.**                                          **November 19, 2007**

_____Plaintiff Donna Markocki is seeking relief for being overcharged for title insurance by Defendant Old Republic National Title Insurance Company.  Old Republic has joined its agent, Third Party Defendant Citizens' Abstract, LLC, who sold Markocki the title insurance on behalf of Old Republic National Title Insurance Company.

Presently before the Court is are Citizens' Abstract, LLC's Motion to Dismiss (Doc. 50), Plaintiff's Response (Doc. 52), Old Republic National Title Insurance Company's Motion for Protective Order (Doc. 51), and Plaintiff's Response (Doc. 54 & 59).  For the reasons set forth below, both Citizens's Motion and Old Republic's Motion will also be denied.

## BACKGROUND

From the evidence of the record, taken in a light most favorable to the Plaintiff, the pertinent

facts are as follows.  In November 2005, Plaintiff Donna Markocki refinanced her home mortgage with Tribeca Lending Corporation for $123,750.00.  (Compl. ¶¶ 28-29.)  Third Party Defendant Citizens' Abstract, LLC, ("Citizens"), a Pennsylvania company, as an agent of Defendant Old Republic National Title Insurance Company ("Old Republic"), provided the closing and settlement services.  (Compl. ¶¶ 28-29.)  Pursuant to the contract, Citizens was responsible for collection of premiums, fees and charges related to title insurance. (Joinder Compl. ¶ 7.)  Citizens, on behalf of Old Republic, charged Ms. Markocki $978.75 in fees for the title insurance policy.  (HUD-1 Settlement Stmt., Ex. B to Compl. ¶ 31.)  That fee was used to compensate Citizens, for its closing and settlement services.  (Compl. ¶¶ 12, 28; Def.'s Mem. 2)

Both a title insurer and its agent must comply with the Pennsylvania Title Insurance Company Act, 40 P.S. § 910-37(h), which regulates the rates that may be charged for title insurance policies.  Old Republic and Citizens are subject to the rates and regulations of the Title Insurance Rating Bureau of Pennsylvania as they are set forth in the Manual of Title Insurance Rating Bureau of Pennsylvania ("Rate Manual").  40 P.S. § 910-37(h); (Pl.'s Resp. 6-7.)  The Rate Manual contains three rate tiers:  (1) basic; (2) reissue, which is 90% of the basic rate; and (3) refinance, which is 80% of the reissue rate.  (Rate Manual, Ex. A to Compl. §§ 2.8, 5.3, 5.50, 5.6.)  The basic rate is applied if the qualifications for the reissue or refinance rates are not met.  Plaintiff was charged a basic rate of $978.75, which is calculated using the Schedule of Rates in § 5.50.  Id. at § 5.50.

Section 5.6 of the 2005 Rate Manual sets forth the requirements for a refinance rate:

When a refinance or substitution loan is made within 3 years from the date of closing of a previously insured mortgage or fee interest and the premises to be insured are identical to, or part of, the real property previously insured and there has been no change in the fee simple ownership, the charge shall be 80% of the reissue rate.  Evidence of previous insurance in accordance with the provisions of Section

2.8 of this Manual must be considered in order to apply this charge.  Insurer shall
comply with the written notice provisions of Section 2.9.

Plaintiff was entitled to a refinance rate premium[1] of $704.70, because she met the conditions
described in Rate Manual Section 5.6; specifically: (1) she sought a refinance loan within three years
of the date when she closed her mortgage; (2) the premises are identical; and (3) there has been no
change in fee simple ownership.  (Pl.'s Resp. 7-8.)  Further, in accordance with Rate Manual § 2.8,
Plaintiff had previous insurance through an unsatisfied mortgage to an institutional lender.  (Pl.'s
Resp. 8-9.)

After discovering these charges which she deemed to be fraudulent, Markocki filed a
Complaint alleging violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607,
("RESPA"), money had and received, unjust enrichment, and violations of the Pennsylvania Unfair
Trade Practices and Consumer Protection Law ("CPL" or "Consumer Protection Law").

After Markocki filed her complaint against Old Republic, Citizens was joined to this suit,
pursuant to Rule 14(a).  Citizens was required to review a transaction and quote the correct price for
title insurance premiums as permitted by the Rate Manual.  (Joinder Comp. ¶ 6.)  In August 2005,
Old Republic had provided Citizens with the 2005 changes to the Rate Manual. (Joinder Compl. §
23-24.)  Citizens however failed to inform its employees on this change.  (Joinder Compl. § 23.)
In its Third Party Complaint, Old Republic alleges:  (1) negligence; (2) breach of fiduciary duty; (3)
breach of contract; and (4) contribution/ indemnification.

In March of 2007, this case was stayed pending a decision in Slapikas v. First Am. Title Ins.
Co., 2007 U.S. Dist. LEXIS 14839, from the U.S. Court of Appeals for the Third Circuit as to

---

[1] The refinance rate is 80% of the reissue rate, which in turn is 90% of the basic rate.  Id. at § 5.3, 5.6.
($978.75 x .90 = $880.80 (reissue rate); $880.80 x .80 = $704.70 (refinance rate)).

whether the administrative remedy in Pennsylvania's Title Insurance Act is discretionary or mandatory.  However, without comment, the Third Circuit refused to hear the case.  This Court vacated its Order to stay the matter.  Citizens then filed the present motion to dismiss plaintiff's complaint and third party plaintiff's complaint.

## DISCUSSION

Citizens asks this Court to dismiss the Complaint and Joinder Compliant because: (1) this Court does not have subject matter jurisdiction over the case; (2) Old Republic has failed to join necessary parties; and (3) Old Republic has failed to state a claim on which relief can be granted in regard to its negligence and fiduciary duty claims.  Each contention will be discussed below.

**A.     Lack of Subject Matter Jurisdiction**

Citizens' motion to dismiss for lack of subject matter jurisdiction will be denied because the weight of authority favors the interpretation of applicable Pennsylvania law that Markocki is not required to exhaust her administrative remedies.

Under Rule 12(h)(3)(a), a party may assert lack of subject matter jurisdiction at any time during a proceeding.  Zelson v. Thomforde, 412 F.2d 56, 58 (3d Cir. 1969).  Citizens claims that this Court does not have subject matter jurisdiction over Markocki's claim because Markocki has not exhausted her administrative remedies under the Pennsylvania Title Insurance Companies Act, 40 P.S. §910-1, *et seq.* ("TICA").  TICA states:

> Every rating organization and every title insurance company which makes its own rates shall provide, within this Commonwealth, reasonable means whereby any person aggrieved by the application of its rating system may be heard, in person or by his authorized representative, on his written request to review the manner in which such rating system has been applied in connection with the insurance afforded him. If the rating organization or title insurance company fails to grant or reject such

4

request within thirty days after it is made, the applicant may proceed in the same manner as if his application had been rejected.

40 P.S. § 910-44(b) (2007).

Markocki maintains that TICA does not require exhaustion of administrative remedies. Furthermore, Markocki states that her complaint does not fall under TICA because she is not *challenging* the rate set by the Insurance Commissioner, but seeks to *enforce* the rate.  In her complaint, Markocki avers violations of Consumer Protection Law.  This statute explicitly provides for a private cause of action for "any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money" due to another's use of a practice considered unlawful by the statute.  73 P.S. § 201-9.2(a).

Because neither the U.S. Court of Appeals for the Third Circuit nor the Pennsylvania Supreme Court have ruled on the issue of exhaustion of administrative remedies in the context of CPL, it will be necessary to look at similar statutory interpretations and lower court rulings.

Recently, Judge Juan R. Sanchez of the U.S. District Court for the Eastern District of Pennsylvania found, under almost identical facts, that TICA does not require a plaintiff to exhaust her administrative remedies.  Cohen v. Chicago Title Insurance Co.*,* 2006 U.S. Dist. Lexis 36689. In Cohen v. Chicago Title Insurance Co., plaintiff alleged that when she refinanced her home she was charged the initial, basic rate for title insurance, rather than the lower refinance rate, three years after she first purchased title insurance for that home.  Id. at *2-3.  The plaintiff filed suit alleging money had and received, unjust enrichment, and violation of CPL.  Id. at *3.  Under a motion to dismiss for lack of subject matter jurisdiction, Judge Sanchez found that the remedy in the TICA was not exclusive, and denied the motion.  Judge Sanchez reasoned that "[t]he Legislature knows how

5

to make a remedy exclusive," but, by using the word "may," the Act "signaled [a] discretionary rather than [a] mandatory act." Id. at *5, *7 (compare with the word "shall" as used in the Banking Code remedy, 71 P.S. § 733-713).   In support, Judge Sanchez cited the PA Statutory Construction Act, which states that, in statutory interpretation, "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage . . ." and that each word should be given meaning so that no phrase is extra.   Id. at *8 (quoting 1 Pa. C.S. § 1903). Additionally Judge Sanchez found that "Pennsylvania case law has consistently construed the Unfair Insurance Practices Act to allow private rights of action in addition to administrative remedies." Id. at *9; see Pekular v. Eich, 513 A.2d 427, 430 (Pa. Super. Ct. 1986) (holding that UIPA does not give Commission exclusive power to adjudicate deceptive act claims); see also Highmark, Inc., v. UPMC Health Plan, Inc., 276 F.3d 160, 168 (3d Cir. 2001) (stating that Legislature had not added exclusivity language since the ruling in Pekular).

Similarly, the U.S. Court of Appeals for the Third Circuit found that a related Pennsylvania statute does not require the exhaustion of administrative remedies when seeking relief for violations of insurance practices. The Pennsylvania Unfair Insurance Practices Act, 40 P.S. § 1171.1, et seq., ("UIPA") prohibits a person from using an "unfair method of competition or deceptive acts or practice in the business of insurance . . ." and gives the Insurance Commissioner the power to investigate such acts. 40 P.S. § 1171.4, § 1171.7 (2007).   The court found UIPA was not an exclusive administrative remedy because Pennsylvania allows state law actions "for deceit and fraud in connection with the insurance industry." Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 168 (3d Cir. 2001) (plaintiff's false advertising claims not barred by Pennsylvania Unfair Insurance Practices Act); see also Pekular v. Eich, 513 A.2d 427 (Pa. Super. Ct. 1986).

6

In addressing administrative remedies in general, the Supreme Court of Pennsylvania has provided guidelines for when these remedies must be exhausted. The court encourages the use of administrative remedies when an issue is technical and expertise is necessary.  Ohio Casualty Group of Ins. v. Argonaut Ins., 525 A.2d 1195, 1197 (Pa. 1987) (health care act did not provide an administrative remedy to appellee for medical malpractice claim); Feingold v. Bell of Pennsylvania, 383 A.2d 791, 793 (Pa. 1977) (plaintiff did not exhaust administrative remedies within Public Utility Commission because statutory administrative remedy was inadequate).  However, the court also stated that exhaustion of administrative remedies is not an "inflexible nor absolute" rule.  Feingold, 383 A.2d at 793. This rule contains exceptions, such as in cases "where an administrative remedy is inadequate" or "incomplete." Id. at 793-94; see also 525 A.2d 1195 at 1197-98.  Furthermore, "[t]he mere existence of a remedy does not dispose of the question of its adequacy." Feingold, 383 A.2d at 794.

Because of the weight of authority is against the exclusivity of administrative remedies, the motion to dismiss for lack of subject matter jurisdiction will be denied.  It is persuasive that Judge Sanchez recently found that TICA does not require the exhaustion of administrative remedies before seeking a private right of action. Cohen v. Chicago Title Insurance Co., 2006 U.S. Dist. Lexis 36689 at *7.  Furthermore, the Circuit Court's reasoning that UIPA was not exhaustive because Pennsylvania law allows private actions for fraud connected to the insurance industry, should apply here.  Highmark, 276 F.3d at 168.  Because CPL, under which Markocki brings her TICA claims, also provides a private right of action, TICA does not likely include a mandatory administrative remedy.

In support of its motion to dismiss, Citizens has cited an outdated Superior Court case with facts similar to the instant case in which the Pennsylvania Supreme Court held that a plaintiff had not exhausted his administrative remedies.  In Moy v. Schreiber Deed Security Co., plaintiff alleged that defendant overcharged him for title insurance, in violation of TICA, and the Consumer Protection Law.  572 A.2d 758, 759 (Pa. Super. Ct. 1990).  The defendant moved for dismissal based on lack of subject matter jurisdiction, arguing that plaintiff was aggrieved by the Commissioner, and, thus, had to use the administrative process to obtain relief.  Id. at 760.  Although the court stated that TICA may provide a basis of relief in the Consumer Protection Law, the court granted the motion to dismiss reasoning that the Insurance Commissioner had approved the disputed fees in approving the rate manual, and thus, the claim should be with the Commissioner.  Id. at 760-61.  The court analogized this issue with a previous decision in which the court found a violation of the Unfair Insurance Practices Act, also under a CPL claim, required the utilization of administrative remedies. Id.  However, more recently the Superior Court noted that, effective July 1, 1990, the Pennsylvania legislature created a cause of action for insurer's bad faith under UIPA.  Romano v. Nationwide Mutual Fire Ins., 646 A.2d 1228, 1232. (Pa. Super. Ct. 1994).  Thus, the reasoning is Moy carries less weight today than it did in 1990.  Thus, this Court will dismiss the motion to dismiss for lack of subject matter jurisdiction in the present case.

### B.     Failure to Join Necessary Parties

Citizens argues that, because Markocki filed her complaint on behalf of a class, and because Old Republic works with many other agents besides Citizens, all other agents of Old Republic must be joined as necessary and indispensable parties, or else the joinder complaint should be dismissed. Old Republic argues that no additional parties need to join because both the complaint and third

party complaint allege grievances arising from one incident, which involved only the three current parties to the suit.  Furthermore, Old Republic states that both Markocki and Old Republic can obtain complete relief without joining any additional parties.

The Court will deny the motion to dismiss for failure to join necessary parties because no other parties were involved in the incident from which this action was derived.  When considering a motion to dismiss for failure to join a necessary party under Rule 12(b)(7), under Rule 19(a),  the Court must decide whether an absent party is necessary for the action. Barrett v. Ambient Pressure Diving, Ltd., 235 F.R.D. 263, 268 (E.D. Pa. 2006).  The Rule states that a party is necessary when: (1) the existing parties cannot obtain complete relief without that party or (2) the non-party's absence may harm the person's ability to protect an interest, or subject the current parties to a substantial risk of incurring "double, multiple or otherwise inconsistent obligations by reason of the claimed interest." Fed. R. Civ. P. 19(a).  However, if joinder of a necessary party is impossible, under Rule 19(b), the Court must decide if the party is indispensable or whether the case can continue "in equity and good conscience."  If the absent party is indispensable the case must be dismissed.  Barrett, 235 F.R.D. at 268.

Markocki's Complaint has not yet attained class action status; thus, there is only one incident at issue.  Because Citizens was the only agent involved in the incident in which Markocki was allegedly charged an improper rate for title insurance, no other agent of Old Republic is necessary for this case to proceed.

### C.     Failure to State a Claim on which Relief Can be Granted

In considering a motion to dismiss under Rule 12(b)(6), the Court "must take all the well pleaded allegations as true, construe the complaint in the light most favorable to the plaintiff, and

determine whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Colburn v. Upper Darby Township, 838 F.2d 663, 665-66 (3d Cir. 1988) (citations omitted), cert. denied, 489 U.S. 1065 (1989); see Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). The Court must decide whether "relief could be granted on any set of facts which could be proved." Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988). A motion to dismiss may be granted only "if appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

> ### 1.      Negligence

Citizens argues that Old Republic is precluded from bringing its negligence claim because the present action stems from contract, not tort duties. Old Republic retorts that Citizens breached contractual, common law, and statutory duties owed to Old Republic. As support for its assertion that Citizens owed Old Republic a tort-related duty, Old Republic explains that TICA imposes responsibilities on title insurance agents. The Act states, "[a]gents shall assume financial responsibility for all acts which the agent was appointed to perform by the title insurance company." 40 P.S. § 910-24.2 (2007). Additionally, Old Republic asserts that Pennsylvania common law has "a rich and extensive history of tort law on the duties and obligations of an agent to its principal." The Court will address this contention below.

Both the economic loss doctrine and the "gist of action" doctrine bar relief for a cause of action that is more contractual than tortious in nature. Under the economic loss doctrine, a plaintiff may not bring a tort action for purely economic damages that arose out of a breach of contract. Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 618 (3d Cir 1995) (economic loss doctrine barred relief on plaintiff's negligent misrepresentation claim). This doctrine only applies

10

where plaintiff and defendant have a contractual relationship.  Bilt-Rite Contractors, Inc. v. The Architectural Studio, 866 A.2d 270, 288 (Pa. 2005) (contractor brought negligent misrepresentation claim against design firm that had contract to build).

Similarly, under the "gist of action" doctrine, a party may only bring a quasi-contractual claim under tort law if the "gist of action" is based on a tortious, rather than a contractual wrong. Carcaise v. Cemex, Inc., 200 Fed. Appx. 116, 126 (3d Cir. 2006).  Furthermore, the contractual aspect of such a claim must only be "collateral" to the tort claim.  Id.  The Circuit Court emphasized the key difference in policy between a contractual and a tort claim.  A tort action derives "from the breach of duties imposed as a matter of social policy," while a contract action is derived from "the breach of duties imposed by mutual consensus . . . when the parties' obligations are defined by the terms of the contracts . . ." Id.  The doctrine functions to prevent plaintiffs from "re-casting ordinary breach of contract claims into tort claims."  Etoll, Inc. v. Elias/ Savion Advertising, Inc., 811 A.2d 10, 14 (Pa. Super. Ct. 2002) (gist of appellant's claim was in contract law where all allegedly fraudulent acts occurred in the course of the parties' contractual relationship.)

Because Old Republic has properly averred that its injury is based on a tort claim, the Court must deny Citizens' motion to dismiss under Rule 12(b)(6).  At this early stage in the proceeding, Old Republic has satisfied its burden to defeat Citizens's motion to dismiss under Rule 12(b)(6). Old Republic does not dispute that the economic loss doctrine would apply in a purely contractual cause of action.  However, Old Republic argues that the Title Insurance Act imposes duties onto companies that charge for title insurance, including agents such as Citizens. As will be discussed below, Pennsylvania law also imposes a fiduciary relationship between an agent and its principal. As such, Citizens owed a duty to Old Republic under tort law to assume responsibility for quoting

11

and charging the correct price for title insurance. Neither the economic loss doctrine nor the "gist of the action" doctrine bar this claim.

### 2. Breach of Fiduciary Duty

The Court will deny Citizens' 12(b)(6) motion for failure to state a claim for breach of fiduciary duty. Old Republic has demonstrated that a negligence claim exists and that Pennsylvania law imposes a fiduciary duty on agents.  In denying that any tort duty existed, Citizens argues that it had no fiduciary duty to breach.  Old Republic asserts that Citizens in an agent of Old Republic and therefore a fiduciary relationship does exist between them.  The Pennsylvania Supreme Court, citing the Restatement (Second) of Agency § 387 (1958), explained that, "[a]n agency relationship is a fiduciary one, and the agent is subject to a duty of loyalty to act only for the principal's benefit." Sutliff v. Sutliff, 528 A.2d 1318, 1323 (Pa. 1987) (minor-custodian relationship involves a fiduciary obligation similar to an agent-principal relationship).

In Garbish v. Malvern Federal Savings and Loan Assoc., the Superior Court found a fiduciary relationship existed between appellant mortgagee and appellee mortgagor because they had an agency relationship.  517 A.2d 547, 554 (Pa. Super. Ct. 1986).  The appellant had disbursed almost all mortgaged funds to a contractor, when the contractor had not even finished half of the work on appellee's house.  Id. at 549-551.  The court found the abuse of funding discretion to be a breach of appellant's fiduciary duty to appellee.  Id. at 554.  In finding a fiduciary relationship, the court stated that an agent-principal duty is that of a fiduciary, which is "the duty to act for the benefit of another as to matters within the scope of the relation."  Id.

More recently, the U.S. Court of Appeals for the Third Circuit addressed whether one party to a contract could bring an action for breach of fiduciary duty when the parties were involved in

both a contractual as well as a fiduciary relationship.  Bohler-Uddeholm America, Inc. v. Ellwood Group, Inc., 247 F.3d 79 (3d Cir. 2001).  In Bohler-Uddeholm, a fiduciary relationship existed between parties who were involved in a joint venture agreement, but the court still had to analyze whether the fiduciary claim, which is tortious in nature, could be brought when a breach of contract claim was also alleged.  Id. at 103-04.  Using the "gist of the action" doctrine, the court found that the obligations leading to the breach of the fiduciary duty were imposed "as a matter of social policy," not "by mutual consensus," allowing the plaintiff to bring the fiduciary claim. Id. at 105.

Citizens does not dispute that Old Republic and Citizens are involved in an agent-principal relationship; thus, Pennsylvania law states that the relationship must be a fiduciary one.  As stated above, Old Republic has supported the argument that the action is based on a breach of a policy-imposed duty, not a contractual duty.  Because Old Republic has properly alleged elements of a fiduciary breach, the Court will deny Citizens motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court will deny Third Party Defendant Citizens' Abstract, LLC's Motion to Dismiss.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DONNA MARKOCKI,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **No. 06-2422** |
| | : | |
| **OLD REPUBLIC NATIONAL TITLE** | : | |
| **INSURANCE COMPANY,** | : | |
| **Defendant.** | : | |
| _____ | : | |
| **OLD REPUBLIC NATIONAL TITLE** | : | |
| **INSURANCE COMPANY,** | : | |
| **Third-Party Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CITIZENS' ABSTRACT INC.,** | : | |
| **Third-Party Defendant** | : | |

**ORDER**

**AND NOW**, on this _____ day of November, 2007, upon consideration of Citizens'

Abstract, LLC's Motion to Dismiss (Doc. 50), Plaintiff's Response (Doc. 52), Old Republic

National Title Insurance Company's Motion for Protective Order (Doc. 51),  Plaintiff's Response

(Doc. 54 & 59), and oral argument held before this Court, **IT IS HEREBY ORDERED** that

Citizens's Motion to Dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that:

1.      Old Republic's Motion for Protective Order is **DENIED**.

2.      the application of Cory L. Zaidel, Esq. to practice *pro hac vice* in this Court

pursuant to Local Rule of Civil Procedure 83.5.2 (b) is **GRANTED**.

**BY THE COURT:**

**/s/ Petrese B. Tucker**

_____

**Hon. Petrese B. Tucker, U.S.D.J.**

14